UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TRISHA MCGRATH WILSON,

                Plaintiff,                Case No. 2:25-cv-59

v.                                Hon. Hala Y. Jarbou

DAVID LIVINGSTON, *et al.*,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Trisha McGrath Wilson filed this *pro se* lawsuit against David Livingston, APS, Department of Health and Human Services (DHHS), Unknown Parties, and Attorney Brandon Rickard.  This matter is now before the Court on motions to dismiss filed by defendant Rickard (ECF No. 11) and defendants Livingston, APS, and DHHS (ECF No. 28) pursuant to Fed. R. Civ. P. 12(b)(6).[1]  The motions are unopposed.

        **I.**        **The complaint**

Plaintiff's one-paragraph complaint mentions defendant APS (in her words):

> The Title Company refuses to insure the Colleur Deed.  A.P.S. & M.S.P. Libeled their reports they lied and impeached their own testimonies.  MAN David McGrath's step kids coveted his his property. They refused to assist him work on it.  David made a Quid Pro Quo with john Kanerva Deed 11/16/2023 3:00 P.M. Drawn & executed on 10/3/23.  On 11/14/23 David's step kids hired Murphy law firm to conspire to sever David McGrath from his Land, personal property ownership & Rights.  They had claimed to pay David $39,763.00 Mortgage balance

---

[1] The Court notes that while defendants Livingston, APS and DHHS' motion refers to dismissal for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), these defendants have not developed a jurisdictional argument in a meaningful manner.  *See* Michigan Defendants' Brief (ECF No. 29, PageID.372-373).  In this regard, defendants refer to the state court complaint attached as an exhibit to plaintiff's complaint (ECF No. 1-1), rather than plaintiff's complaint (ECF No. 1).  *See id.* at PageID.372. Accordingly the Court will review defendants' motion as one to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6).

leaving a balance of .21 cents, to take possession of Davids & John's property. David returned without being paid any money, nor was the mortgage satisfied.  The conspirators moved to solely assign Davids & Johns property to Michael Colleur. When David realized what happened after it was explained to him, & the question was asked "Do you want Michael Colleur to own your property? & lose your rights to it? David replied, "No he has a better house than i."  Do you have a copy of what you signed? No, he said.  So we went the next day & secured a copy from the law firm.  David filed the deed 2023R-09830 attaching the Colleur Deed as "void" David paid for the filing and executed everything to stop the Colleur Deed.

Compl. (ECF No. 1, PageID.2).

Plaintiff attached about 160 pages of exhibits to the complaint.  *See* ECF Nos. 1-1 through 1-4, PageID.5-164.  The exhibits include a complaint for $25,000,000.00 filed by plaintiff against defendants in the Marquette County Probate Court, *Wilson v. Livingston et al.*, Case No. 25-36093-GA ("*Wilson I*") (ECF No. 1-1) and documents from a Marquette County Probate Court case, *In the Matter of David McGrath*, Case No. 25-36094-CA (ECF No. 1-2).  The complaint in *Wilson I* is rambling, lengthy, difficult to follow, and at times unintelligible.  PageID.6-21.  In *Wilson I*, plaintiff identified herself as "David McGrath's Biological child" and alleged some type of conspiracy between defendant APS, non-party Michigan State Police (MSP) and others "to defraud both David McGrath and John R. Kanerva".  *See* PageID.9, 20.  For damages, plaintiff states that "Trisha McGrath and Sally McGrath, Davids [sic] family, and john r. Kanerva true d.p.o.a. must receive $25,000,000.00 . . . for the Attempt to exclude Trisha McGrath from her right to speak and decide who will be Guardian and Conservator, denying her the right to speak in court, and make her own decision."  Page.ID.7.  To further complicate this matter, plaintiff included a letter to the Clerk asking, "to file this Removal".  *See* Letter (ECF No. 1, PageID.1).  However, plaintiff did not follow the procedure to remove *Wilson I* (or any other lawsuit) to federal court. *See generally,* 28 U.S.C. §§ 1141-1455.  Accordingly, this case was docketed as a federal lawsuit based on the one-paragraph complaint (ECF No. 1, PageID.2).

2

## II.    Discussion

### A.    Legal standard

Defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678.

### B.    Plaintiff did not oppose the motions to dismiss

Plaintiff did not file responses to defendants' motions to dismiss. This failure is fatal to her position, being both a forfeiture of her claim and a waiver of opposition to the relief sought in the motion. *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir. 2013) (the plaintiff's failure to respond to a motion to dismiss its claim amounts to a forfeiture of that claim). *See also, Scott v. Tennessee*, 878 F.2d 382 (6th Cir. 1989) (affirming district court's grant of the defendant's unopposed motion to dismiss, noting that "if a

plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Humphrey v. U.S. Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008) (same); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F. Supp. 3d 619, 631-32 (W.D. Mich. 2015) (granting defendant's motion to dismiss where "Plaintiff fatally provides no opposition to Defendants' arguments") (citing *Scott*, *Notredan*, and *Humphrey*).  For this reason alone, defendants' motions to dismiss should be granted.

### C.    Plaintiff failed to state a claim for relief

Plaintiff's one-paragraph complaint fails to state a claim for relief against defendants.  To state a claim for relief, a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).  Here, plaintiff's complaint is utterly deficient.  Plaintiff does not address this Court's jurisdiction, identify herself, or identify the defendants.[2]  The complaint consists of a disjointed collection of accusations related to the "Colleur Deed". The only alleged wrongdoing is that defendant, APS and non-party Michigan State Police, "Libeled their reports they lied and impeached their own testimonies."  However, plaintiff does not allege any particular claim against APS or seek any particular relief.  In short, plaintiff has filed an unadorned, the - defendant -

---

[2] For their part, defendants APS and DHHS identified themselves as government agencies, *i.e.*, Adult Protective Services and Michigan Department of Health and Human Services, respectively.  *See* Michigan Defendants' Brief (ECF No. 29, PageID.371-372).  Defendant Livingston is identified as an APS employee who was a case worker during an APS investigation of David McGrath.  *Id*.  Defendant Rickard identified himself as a Court appointed guardian ad litem for David McGrath, who visited McGrath at the UP Health System medical center on March 5, 2025 "where he found McGrath to be in a comatose state."  *See* Rickard's Brief (ECF No. 11, PageID.200).

unlawfully - harmed - me accusation" against APS which does not state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678. *Id*.  Accordingly, defendants' motions to dismiss should be granted.

### III.     Recommendation

For all of these reasons, I respectfully recommend that the motions to dismiss filed by defendant Rickard (ECF No. 11) and defendants Livingston, APS, and DHHS (ECF No. 28) be **GRANTED** and that this case be **DISMISSED**.

Date: January 26, 2026                           /s/ Ray Kent
                                                 RAY KENT
                                                 United States Magistrate Judge

**ANY OBJECTIONS** to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).