UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TRISHA McGRATH WILSON,

     Plaintiff,

v.

DAVID LIVINGSTON, et al.,

     Defendants.

_____/

Case No. 2:25-cv-59

Hon. Hala Y. Jarbou

## ORDER

Plaintiff Trisha Wilson brings this lawsuit against Defendants David Livingston, Brandon Rickard, the Michigan Department of Health and Human Services (MDHHS), and Adult Protective Services (APS).[1]  Before the Court is Magistrate Judge Ray Kent's report and recommendation (R&R) that the Court dismiss the case for failure to state a claim (ECF No. 33). No party has filed objections to the R&R, and the deadline for doing so has expired.

Defendants Livingston, APS, and the MDHHS raise a sovereign immunity defense in their motion to dismiss (ECF No. 28), which the R&R does not address.  But because "'the Eleventh Amendment is a true jurisdictional bar,' Defendants' entitlement to sovereign immunity 'must be decided before the merits.'" *Doe v. DeWine*, 910 F.3d 842, 848 (6th Cir. 2018) (quoting *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015)).  Therefore, the Court must evaluate whether Plaintiff's claims are barred by sovereign immunity—and thus whether the Court has subject matter jurisdiction—before it can decide whether Plaintiff has stated a claim.

---

[1] Plaintiff appears to have also intended to sue an additional defendant, named as "INSURANCE Co. Liability Indemnity for MI. Doe Co." (ECF No. 1-1, PageID.6.)  Plaintiff has neither properly identified this defendant nor provided proof that she has served them.  Even if the complaint is interpreted as attempting to state a claim against this defendant, it fails to do so because it does not contain any identifiable allegations about their conduct.

"The Eleventh Amendment 'deprives federal courts of subject-matter jurisdiction when a citizen sues his own State unless the State waives its immunity or Congress abrogates that sovereign immunity.'" *Id.* (quoting *Russell*, 784 F.3d at 1046). The MDHHS and APS assert that they have sovereign immunity because they are agencies of the state of Michigan. Sovereign immunity "applies to state agencies or departments, such as . . . [the] MDHHS." *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017). And because APS is a department of the MDHHS, *see In re Guardianship of GM*, No. 373743, 2025 WL 2602472, at *1 (Mich. Ct. App. Sept. 8, 2025), it is also entitled to sovereign immunity. Plaintiff does not assert that APS or the MDHHS have waived their sovereign immunity, and it does not appear that any other exception to sovereign immunity applies here. Thus, the Court will dismiss the claims against APS and the MDHHS for lack of jurisdiction based on sovereign immunity. Livingston also asserts that, as a state officer, he possesses sovereign immunity. But Livingston cannot raise a sovereign immunity defense to any claims against him in his personal capacity. *See Lewis v. Clarke*, 581 U.S. 155, 163 (2017) ("[S]overeign immunity 'does not erect a barrier against suits to impose individual and personal liability.'" (quoting *Hafer v. Melo*, 502 U.S. 21, 30–31 (1991))).

As to Livingston and Rickard, the magistrate judge reasoned that Plaintiff's failure to respond to their motions to dismiss was a sufficient basis for dismissing Plaintiff's complaint. However, a court may not dismiss a "complaint solely for [Plaintiff's] failure to respond to defendants' motion to dismiss." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Regardless, the Court agrees with the magistrate judge's conclusion that Plaintiff fails to state a cognizable federal claim against Livingston or Rickard. Furthermore, having dismissed Plaintiff's federal claims, the Court will decline to exercise supplemental jurisdiction over her state law claims. *See* 28 U.S.C. § 1367(c)(3); *Moon v. Harrison Piping Supply,* 465 F.3d 719, 728 (6th Cir. 2006).

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 33) is **APPROVED IN PART** and **REJECTED IN PART** as set forth above.

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss (ECF Nos. 11, 28) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against APS and the MDHHS are **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's federal claims against Livingston and Rickard are **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's state law claims against Livingston and Rickard are **DISMISSED** because the Court declines to exercise supplemental jurisdiction over them.

A judgment will enter in accordance with this Order.

Dated: February 24, 2026                     /s/ Hala Y. Jarbou
                                             HALA Y. JARBOU
                                             CHIEF UNITED STATES DISTRICT JUDGE

3